Foot *v.* Bronson.

The judgment must, therefore, be affirmed, with costs.
Judgment affirmed.

SAMUEL A. FOOT and MORRILL VAN GIESEN, Respondents,
   *v.* ELI A. BRONSON and others, Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

An owner of lands may not relieve them from standing water, or prevent
   its accumulation thereon, by discharging it through drains, or ditches,
   upon the land of his neighbor.

To relieve their lands from surface water, the defendants deepened a ditch
   upon the highway, and thus caused an increased and unnatural flow of
   water through the surface drains of adjacent owners, to the injury of their
   lands, and to the hazard of future injuries. — *Held*, that a mandatory
   injunction should issue to compel the filling of the ditch to its former
   level, and to restrain the defendants from lowering it again.

And that separate proprietors of distinct parcels of land, to whom the
   injury was common, might join in an action for the relief granted.

Nor, it seems, was it improper to join as defendant one who aided and
   directed, on his own behalf, in lowering the ditch, but not interested in
   the lands benefited.

It seems, that owners of land have no rights in the surface waters of
   adjoining lands.

And that surface waters may be drained into a natural stream, without
   regard to injury resulting therefrom, by increase or diminution in the
   volume of its water, to the riparian owners.

THIS was an appeal by the defendants upon a case made,
and exceptions, from a judgment entered upon the decision of
the court at Special Term.

The plaintiffs brought the suit in equity, jointly, as owners
of adjoining premises, against the defendants, as partners, and
prayed in their complaint that the defendants might be directed
to construct a sluiceway across a certain highway, for the pur-
pose of changing the direction of the flow of surface water
from its then present course, and also to fill up a certain ditch
to its former level; and that the defendants might be restrained
from afterward obstructing or interfering with the sluiceway

when built, and from opening or interfering with the ditch when filled.

The defendants averred, with other matters, by the way of defence, that, though they were once partners, their partnership ceased, prior to the reduction of the level of the ditch, by the withdrawal of the defendant Bronson, and the disposal of his interest in the partnership to other parties, and that the new firm had succeeded to the interests and title of the former firm in the real estate from which the drainage in question proceeded. Before the trial the new partners were made defendants by consent, and the suit proceeded against them and the other defendants, members of the old and new firm.

It was claimed, also, on behalf of the defendants, that, by reason of their ownership of separate parcels of land only, the plaintiffs could not join in an action for the relief prayed.

It appeared upon the trial that the defendants (the old firm first, and afterward the new firm as successor thereof), carried on the business of nurserymen, and owned and occupied, for their purposes in that respect, certain lands sloping southward, and situate on the north and south sides of a highway leading from the village of Geneva, and from the east westwardly until it intersected with a highway of the town of Seneca. That the land so owned and occupied by the defendants included a tract of waste land, or swale, on either side of the highway, and lying between two slight declivities of land facing respectively eastwardly and westwardly, and that on the north side of the highway the surface waters collected from the adjoining declivities in the swale, and flowed thence upon the line of greatest depression thereof in a southerly direction to the highway, and thence its natural course was over the lands, or part of the swale on which the highway had been built, to the swale on the south side of the highway, whence it was drained off in a southerly direction toward Seneca lake. The highway, which, in building, had been raised some two or three feet above the natural surface of the soil, had obstructed the course of the water and confined it in a ditch made with the highway and running along its north side, by means of which

Foot *v.* Bronson.

ditch the water was carried in an easterly direction, and at times flowed somewhat over the ridge of the declivity facing westward, and thence along the road into the ditch hereinafter mentioned, upon the lands of the plaintiff Van Giesen.

The land of the plaintiff Van Giesen adjoined the highway on the south, and lay to the eastward of the defendants' land, from which it was divided by the premises of an intervening owner. The land of the plaintiff Foote lay directly south of, and contiguous to, that of Van Giesen, and the slope of the plaintiffs' lands was to the south. Van Giesen had constructed a ditch to drain the surface waters from his lands across the same in a southerly direction from the highway, and the plaintiff Foot had constructed a sewer upon his land, connected with Van Giesen's ditch, but of less capacity, by means of which the drainage of Van Giesen's land was continued southerly over Foot's land.

The defendants deepened the ditch on the north side of the highway, and thus increased the quantity of surface water from time to time flowing, over the edge of the declivity which faced westward, and along the highway, into the ditch upon Van Giesen's land.

It appeared that the defendant Bronson had, of his own accord, aided and assisted in deepening the ditch. No specific amount of damage was proven; but it was in evidence that the plaintiffs had been injured, and might suffer further injury thereafter, on account of the increased depth of the ditch.

The court found, with the other facts, as they appeared, "that, by means of lowering the ditch, the defendants have caused the surface water which collects in the swale north of the highway to run in increased quantity, and more rapidly than before, in an unnatural direction, through said ridge, on to the lands of the plaintiffs, and thereby have already done each of the plaintiffs an injury, and there is reason to believe that, if said ditch remains open to the depth above stated, each of them will hereafter sustain much injury, and suffer considerable damage in the diminished value of their lands and the loss of herbage and crops thereon;" and, as matter of law, "that the

Foot *v.* Bronson.

plaintiffs are entitled to a judgment directing the defendants, within thirty days after notice of such judgment, to fill up the ditch mentioned and described in said complaint to the extent they lowered and dug out the same, as above found, or, in case the defendants refuse or neglect, that the plaintiffs be allowed to do the same at the defendants' expense; that the defendants, their agents and servants, be enjoined from lowering said ditch after it shall be so filled up; that the plaintiffs recover their costs of this action; and that, as to the remainder of the relief asked for in the complaint, the plaintiffs are not entitled to the same."

*David Wright*, for the appellants.

*W. F. Cogswell*, for the respondents.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.  The evidence fully sustains the findings of fact by the judge before whom the action was tried.  According to this finding, the defendants, in order to ameliorate the condition of their own land, and to free it from surface water, which would otherwise collect and remain on the low, marshy places thereon, from rains and melting snows, deepened the ditch on the north side of Washington street, adjacent to such lands, over three feet below what it had ever been before.  The object of this deepening of said ditch was, as the defendants themselves testify, to draw the surface water, which would otherwise collect and stand on such lands, off more rapidly and effectively than it could otherwise be done, and their lands, thus relieved, were thereby rendered more productive and valuable.  This water, so drawn through the ditch thus deepened, was, in an unusual and unnatural manner, and with unaccustomed force, cast upon the lower lands of the plaintiffs, to their manifest detriment, annoyance and injury.  The injury is not speculative and fanciful merely, but real and substantial; and, if the cause is suffered to remain,

Foot *v.* Bronson.

will be of perpetual recurrence. These acts of the defendants, by which this injury has been occasioned, were without right as against the plaintiffs, and the law will afford them adequate redress.

The owner of land may undoubtedly relieve it from surface water, and adopt means to prevent such water from accumulating and remaining upon it, either by ditches and drains or by filling up low and wet places, for the purpose of enhancing its value, either by rendering it useful for tillage or changing it from an unsightly or an unwholesome condition; and no adjacent owner or other person has the right to complain or ask for redress on account of any incidental loss of profit or advantage to him by the mere removal of such surface water, or the prevention of its accumulation, by the owner. (*Rawstron* v. *Taylor*, 11 Exch., 369; *Goodale* v. *Tuttle*, 29 N. Y., 459.) And this court has recently held, in a case not yet fully reported, that the owner of low, swampy lands may lawfully drain them, by means of ditches, into a natural water-course, and that the riparian owners on the stream below can have no action for damages by reason of the volume of water being increased by spring thaws or rains, or decreased and failing at an earlier period than formerly, in consequence of such drainage. (*Waffle* v. *N. Y. Central R. R. Co.*, Alb. Law Jour., vol. 3, p. 131.) But no person has the right to relieve his own land from standing water, or prevent its accumulation thereon, by discharging it through ditches or drains upon the lands of his neighbors. Such an improvement and amelioration of one's own property, at the expense or to the detriment of another, is opposed to every maxim of law and every sentiment of justice. (*Bellows* v. *Sackett*, 15 Barb., 96.)

Domat, 616, Cushing's ed., says: "Thus he who has the upper grounds cannot change the course of the water, either by turning it some other way or rendering it more rapid, or making any other changes in it to the prejudice of the lower grounds." As to mere surface water, standing upon land, and flowing in no regular course or channel, the owner of the land may appropriate it or divert it, in any manner he may choose,

without casting it upon his neighbors, to the injury of such neighbors. No action lies for the mere diversion of such water. (*Broadbent* v. *Ramsbotham*, 11 Exch., 602; *Rawstron* v. *Taylor*, id., 369.) The defendants are, therefore, clearly liable, in some form, to the plaintiffs; and the question arises as to the kind of remedy which the law will give to the latter.

It is quite obvious, from the very nature of the case, that the preventive remedy is the only one which can entirely rectify the evil, and afford the plaintiffs adequate protection and redress. Without this, their liability to periodical or occasional injury from the same cause will be perpetual. It is not essential to this kind of relief that the injury should be absolutely irreparable. It is enough that it is of that nature and character, as the injury in question clearly is. It is a continuing source of danger, from which injury and damage may flow in endless repetition. And although the injury at any one time may not be extraordinary in magnitude, yet it is quite apparent, from all the evidence, that it is by no means beneath judicial and equitable cognizance.

This remedy will also obviate the necessity of multiplied actions for damages, which may at any time accrue while the cause remains. The grounds for equitable interposition are clear and ample.

The case of *Corning* v. *Troy Iron and Nail Factory* (40 N. Y., 191) affords all the authority needed to sustain the judgment of the Special Term upon the merits.

It is objected, on behalf of the defendants, that the plaintiffs, being owners of separate lands, and neither having any joint or common interest in the lands of the other, or in the alleged injury, cannot join in an action for relief. This is, undoubtedly, the general rule; but it is subject to exceptions, and it has been repeatedly held, that, in case of a private nuisance, or any grievance which is common to several distinct and separate owners, they may unite in a single action for its removal, or to be relieved from it. (*Reid* v. *Gifford*, Hopk., 416; *Murray* v. *Hay*, 1 Barb. Ch., 59; *Brady* v. *Weeks*, 3 Barb., 157.) Such is essentially the character of

the present action; and it was in that view that it was held upon the trial that it was unnecessary, if not improper, to establish any particular amount or quantum of damages. The evidence is abundant to prove that real and substantial damage had been inflicted. It is also now claimed that the complaint should have been dismissed as to the defendant Bronson, inasmuch as it appears from his testimony, and without contradiction, that he had disposed of his interest in the premises that this ditch was made to drain, before the ditch was lowered, and had no interest in its being lowered, or in its continuance at the improper depth to which it was excavated. But no such question was raised at the trial, and there was no ruling or exception in regard to it. He did not move a dismissal of the complaint as to him, at any stage of the trial. But if he had, it could have been of no avail. The ditch dug or deepened was in the highway, and not otherwise upon the defendants' premises, and it was clearly shown, even by his own testimony, that he aided and assisted in the excavation, and that a considerable portion of it was done under his direction and supervision. He was one of the principal parties by whom the injury was inflicted, and it is not material that he was not benefited by it.

I am of the opinion, therefore, that the judgment or decree of the Special Term is in all respects right, and should be affirmed, with costs.

Judgment affirmed.