THE INHABITANTS OF THE TOWNSHIP OF WEST ORANGE, appellants,

v.

JAMES W. FIELD, respondent.

1. The diversion of surface-water by the grading of public streets done under competent authority, by which the water is cast upon plaintiff's premises, does not constitute an actionable wrong.

2. The public authorities have no right, by the construction of artificial drains in such streets, to divert the water from where it would otherwise flow, and thereby collect it and cast it upon complainant's lands.

3. The complainant must bear the flowage of surface-water cast upon his lands in consequence of the alteration of grades, but a scheme of drainage cannot be put into operation by which the surface-water is prevented from following the street grades, to his detriment.

On appeal from a decree of the chancellor, whose opinion is reported in *Field* v. *West Orange, 9 Stew. Eq. 118.*

*Mr. John W. Taylor,* for appellants.

*Mr. James W. Field,* for respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

The bill is filed to enjoin the defendants from continuing to discharge the drainage of certain streets upon the complainant's

lands, by which they are submerged and rendered valueless and unhealthy.

The bill alleges that the municipal authorities, by the construction of ditches and artificial conduits in the highways, have diverted the flow of the surface-water from the course in which it would be carried by the grade of the streets, and have, by such means, collected all the surface-water in a large area and caused it to be thrown upon the complainant's lands.

To this bill a general demurrer has been filed, and therefore the question is presented whether, in any aspect of the case as stated by the bill, the defendants have exceeded their authority.

In *Bowlsby* v. *Speer, 2 Vr. 351,* the defendant, by the erection of a building on his own premises, diverted the flow of the surface-water from his own land to that of the plaintiff. The resulting loss to plaintiff was held to be *damnum absque injuria,* for which no action will lie.

*Town of Union* ads. *Durkes, 9 Vr. 21,* presented the case of a diversion of surface-water by the grading of public streets done under competent authority, by which the water was cast upon the plaintiff's premises. This was also held by our supreme court not to constitute an actionable wrong.

As stated in that case, the authorities are quite uniform in holding that no responsibility attaches for damage done by the diversion of surface-water by the public authorities, where the diversion is merely incidental to and occasioned by the making or alteration of street grades.

The injury complained of here is not that consequent upon the alteration of grades, but flows from a scheme put into execution by the municipal authorities, by which the water is prevented from following the grades of the streets. By means of artificial ducts or channels the surface-water over a large district is carried away from where it would otherwise be discharged, and made to pour upon the complainant's lands.

Thus what is styled the common enemy, which every proprietor must resist as best he may, is invested with accumulated volume and force, and thrown upon one in ease of all others. The effect of this application of the doctrine, as the chancellor well says,

would be to condemn private property to public use without compensation.

In Massachusetts, there are cases denying a right of action to the individual under such circumstances, but there, a public statute provides that, when any owner of land adjoining a highway shall sustain any damage in his property by reason of any raising, lowering or other act done for the repairing of such way, he shall have compensation therefor, to be determined by the selectmen of the town. Although the rule adopted in New York accords with that of our supreme court in the Durkes case, the court of appeals of New York, in *79 N. Y. 470 (Noonan* v. *City of Albany)*, distinguished the case where, by means of artificial structures in the streets, the surface-water of a large territory was collected and discharged on the premises of the plaintiff, and held that an action would lie for the consequent injury.

Unless the right of municipalities is limited to this extent there would be nothing to restrain them from constructing sewers, by which the concentrated surface-water of an entire city would be cast upon the premises of any proprietor that might arbitrarily be selected to bear the burden.

The cases furnish no authority for such an invasion of property rights without making due reparation.

The rights of an overseer of the highways, under section 45 of the road act (*Rev. p. 1005*), to enter on lands adjacent to the highways for purposes therein mentioned, is not hereby intended to be called in question.

That section of the road law was passed March 16th, 1798, and is found in *Pat. p. 327*, since which time the right of the overseer to exercise the granted power has never been successfully challenged.

In my opinion the decree below should be affirmed, with costs.

*Decree unanimously affirmed.*