The parties are next door neighbors on the south side of Harrison street, Leonia, on a hillside. The descent of the street is westward and complainant's cottage is west of the defendants', seven feet off the lot line, lower down the hill; the defendants' stands eight feet from the division line. The lots in depth are practically at grade, sloping transversely. Nine years ago the defendants built a garage in the southwest corner of their lot and constructed a concrete driveway from the street — a two-strip driveway from the street to the rear end of the cottage where it spreads fan-shape to the garage, the width of the garage, about a third of the width of the lot. The grade of the driveway rises from the street to the front of the cottage and from there it drops to midway between the rear of the cottage and the garage, eight and a half inches in forty-five feet, and it drops from the garage to that point, eight and a half inches in sixteen feet. There it is at level with the ground and sheds surface water into the rear of complainant's lot about thirteen feet back of her house. She complains that the water seeps into her cellar during heavy storms. It may be a contributing factor but that it is the cause of her grievance is not established. Her cellar walls are not waterproofed and storms flooded her cellar long before the driveway was put in. Furthermore, her house is considerably north of the discharge, in a direction away from the natural flow, and if there is an appreciable discharge in excess of the normal, which is questionable, the complainant could by little effort guide it across her lot to her neighbor's, lower down. Considering the delay in lodging her complaint it would seem that the complainant has had misgivings that the defendants were blamable, and that her distress is more fancied than real.
It is not disputed that the adopted grade is of standard requirement for the shedding of surface water and that the annoyance complained of is incidental to careful construction *Page 283 
of the driveway for convenient enjoyment of the defendants' property. There was nothing wanton. And it is not open to question that it was defendants' privilege, without responsibility to the complainant, to employ the measures they did in ridding themselves of surface water, and that if the complainant suffers from the defendants' effort it is damnumobsque injuria. It is the accepted view that surface water is "the common enemy which every proprietor may fight and get rid of as best he may" and that as a general proposition "neither the retension, diversion, repulsion or altered transmission of surface water is an actionable injury even though damage ensues." This doctrine of Bowlsby v. Speer, 31 N.J. Law 351, cited with approval by the court of errors and appeals in Jessup v.Bamford Brothers Co., 66 N.J. Law 641, is applicable to the case in hand, and its appositeness is illustrated by the circumstances to which it was applied in these cases. Mr. Justice Dixon in Kaufman v. Bergen Turnpike Co., 71 N.J. Law 33, declared it to be "settled law in this state that, with some exceptions, not now pertinent, the owner or legal possessor of land is not responsible for the harmful effect of rain water which he has diverted by changing the surface of his property." The present case is not within the exceptions. Field v. WestOrange, 36 N.J. Eq. 118, and Kelly v. Dunning, 39 N.J. Eq. 482,
on which the complainant relies, are not authority to the contrary. In the first, the surface water about to be deposited was not the flow from adjoining property, but artificially gathered from adjacent territory as well; the second related to a watercourse, calling for a different legal treatment.
There is also complaint that rain water from a gutter on the second story of defendants' cottage, falling on a peak roof, reaches the complainant's land. The best complainant can offer is that during heavy storms it splashes on her land. How, is not told. It dashes onto the driveway and it may splash from there, but no harm is shown.
It is also complained that the eaves of the garage are over the dividing line. The proof is to the contrary. Were the proof otherwise the remedy would be at law.
The bill will be dismissed. *Page 284