The complainant, Peter Wendel Sons, Inc., a corporation of this state, is the owner of a six-acre tract of land in the Town of Irvington, and by this suit seeks to enjoin the City of Newark and the Township of Hillside from further discharging storm waters and diverting surface waters from the area north of Chancellor Avenue and what is called the Chancellor Manor Section and discharging the same upon complainant's lands to its damage.
At the conclusion of the hearing the bill of complaint as against the Township of Hillside was dismissed for lack of proof.
It is established by the evidence that sometime prior to the year 1928 the City of Newark collected surface and storm drainage waters from a considerable area lying north of Chancellor Avenue and west of Wainwright Street in the City of Newark, which it emptied through an outlet pipe located in the vicinity of the intersection of the southerly line of Chancellor Avenue and Winans Street in the City of Newark. The surface-waters when so collected and discharged through said pipe traveled into a natural brookpath in a southwesterly direction through what was then undeveloped farm lands and is now known as Chancellor Manor Section. The volume and flow of the water was at that time lessened due to natural absorption *Page 71 
and seepage into the soil. The surface-waters traveled through flat and somewhat swampy territory and emptied into two natural brooks, the first and most southerly of which crossed what was then the undeveloped real portion of property then or now owned by Gould Eberhardt Company and at the southwesterly boundary line of its lands entered into an old brook bed at the northwesterly corner of complainant's land through which it flowed in a general southwesterly direction. The second brook followed a more westerly course, crossing the branch line of the Lehigh Valley Railroad in the neighborhood of the incinerator plant of the Town of Irvington and wound its way therefrom in a general westerly direction. It would appear that at that time if any of the surface-waters reached complainant's lands it was negligible in quantity.
In 1928 the City of Newark constructed a surface drainage system through the area of land lying between the southerly line of Chancellor Avenue and the line dividing Essex and Union Counties. Streets were laid out and paved, cement gutters constructed and catch basins installed which were connected with storm water sewer pipes laid underneath the streets. In connection with this development of a surface drainage system the city then discontinued the outlet pipe for the surface-water drainage of the section lying north of Chancellor Avenue and conducted the same through the section now known as Chancellor Manor Section, to a new outlet at the intersection of Fabyan Place and Winans Avenue in Hillside. In the construction of the various storm laterals the old brook which had theretofore carried off the storm water drainage for the territory north of Chancellor Avenue and east of Wainwright Street was eliminated, and the waters diverted to the outlet at Fabyan Place, the result of which was that no more of said drainage waters was discharged through the lands of Gould Eberhardt, or into the westerly outlet crossing into Irvington, but thereafter all the surface drainage water thus diverted, with greater volume and force, was caused to flow into a new channel from the outlet point at Fabyan Place and Winans Avenue and discharged on lands of complainant, causing a considerable portion thereof to become inundated especially after a rainfall. *Page 72 
It is true as contended for by counsel for the city that the mere incidental diversion of surface-water by a municipality, in grading and improving its streets, by which the land of an individual is damaged, does not cause an injury for which redress may be had. Town of Union ads. Durkes, 38 N.J. Law 21. But where a municipality deliberately enters upon a scheme of drainage, in pursuance of which it collects water from a large area, and, by artificial means, casts it upon private property, through which the land, from which the water is to be collected would not otherwise be drained, it commits a wrong, the commission of which equity will restrain by injunction. Field
v. West Orange, 36 N.J. Eq. 118; affirmed, 37 N.J. Eq. 600;Miller v. Morristown, 47 N.J. Eq. 62; 20 Atl. Rep. 61; Kehoe
v. Rutherford, 74 N.J. Law 659; 65 Atl. Rep. 1046; Soule v.Passaic, 47 N.J. Eq. 28; 20 Atl. Rep. 346; Cassini v. Orange,107 N.J. Eq. 128; 151 Atl. Rep. 871.
The evidence here presents a case of active wrong-doing on the part of the city. It created a condition damaging to the property of complainant. A municipality has no right, by artificial drains, to divert surface-water from the course it would otherwise take and cast it, in a body large enough to do substantial injury, on land where, but for such artificial drains, it would not go.
The complainant will be afforded injunctive relief, but the city will be granted a reasonable time within which to make the necessary change, pending which the issuance of the injunction will be withheld. *Page 73