HAVANA CITY RAILWAY COMPANY and HUGH ALEXANDER, as Trustee for the Stockholders of the HAVANA CITY RAILWAY COMPANY, Respondents, *v.* JUAN M. CEBALLOS and FREDERICK R. ROHL, Appellants, Impleaded with Others.

*Misjoinder of parties plaintiff — a trustee of the stock of a corporation is not a proper party plaintiff in an action by it to enforce an agreement made with it.*

Where a person, in whose favor no cause of action is alleged, is joined with a plaintiff in whose favor a cause of action is alleged, there is a misjoinder of parties plaintiff which will render the complaint demurrable under section 488 of the Code of Civil Procedure.

A person to whom the stock of a corporation was issued, to be held by him in trust for the stockholders, is not a proper party plaintiff to an action by the corporation, to enforce an agreement by which one of the defendants undertook to hold for the benefit of the plaintiff corporation an assignment of a railway concession executed to the corporation and deposited with him, and to compel him to deliver the concession to the corporation.

Such trustee has not such an interest in the subject of the action and in obtaining the judgment demanded, as entitles him to be made a party under section 446 of the Code of Civil Procedure.

*Semble,* that to bring a person within the provision of this section it must appear that he has some interest, legal or equitable, in the particular property which is the subject of the action, or in the enforcement of the cause of action which is sought to be enforced.

APPEAL by the defendants, Juan M. Ceballos and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 22d day of December, 1899, upon the decision of the court rendered after a trial at the New York Special Term overruling their demurrers to the plaintiffs' amended complaint.

*Joseph F. Perdue,* for the appellants.

*Seymour Kisch,* for the respondents.

INGRAHAM, J. :

This action was commenced by the Havana City Railway Company, a corporation organized under the laws of the State of West Virginia, and Hugh Alexander, as trustee of the stockholders of the said company, as plaintiffs to enforce an instrument under which the defendant Ceballos undertook to hold, in accordance with the terms of an agreement made between the plaintiff and one Pla, an assignment of a horse car concession granted by the city of Havana to one Manuel De La Torre, and for a judgment directing Ceballos to deliver to the plaintiff corporation the said assignment of the franchise from the defendant Pla to the plaintiff company, and in the event of the said franchise deed having been issued and delivered to the defendant Ceballos, that he, the defendant Ceballos, be ordered to execute and deliver to the plaintiff company a good and valid assignment thereof; and in the event of the defendant Ceballos having assigned or transferred the said franchise to the defendant the American Indies Company, that the defendant the American Indies Company be ordered to execute and deliver to the plaintiff company a good and valid assignment thereof, upon such terms as to this court may seem just and proper. The defendants demurred to the complaint upon several grounds. One was, that there is a misjoinder of parties plaintiff, in that the said Alexander, trustee for the stockholders of the Havana City Railway Company, is not a proper party plaintiff in this action, and has no interest in the subject of the action ; that the cause of action, if any, exists in favor of the Havana City Railway Company in its corporate capacity, and not in favor of the said Hugh Alexander, as trustee or otherwise ; and that the complaint does not state facts sufficient to constitute a cause of action against this defendant in favor of the plaintiff Hugh Alexander, as trustee for the stockholders of the Havana City Railway Company, or otherwise. The allegation of the complaint connecting the plaintiff Alexander with the transaction hereinafter alleged is that "the plaintiff Hugh Alexander is trustee for stockholders of the plaintiff company by virtue of a verbal agreement between the original stockholders of the plaintiff company and the said plaintiff

Hugh Alexander, under which agreement the certificates of stock of the said stockholders, instead of being issued direct to the said stockholders, were issued to the plaintiff Hugh Alexander, to be held by him in trust for them."

It is difficult to see upon what principle Alexander, as trustee for the stockholders of the company, or as the holder of its capital stock, had any cause of action against the defendants. The cause of action sought to be enforced is based upon the allegation that on the 22d day of October, 1895, the defendant Pla was the owner of a certain franchise for the construction and operation of a horse car line of street railway in the city of Havana, island of Cuba, which said franchise had been previously duly granted by the municipal authorities of the said city of Havana to one De La Torre; that on the 22d day of October, 1895, an agreement in writing was entered into by and between the defendant Pla and the plaintiff company for the sale by Pla to the plaintiff company of the said franchise, a copy of which agreement is annexed to the complaint. In that agreement it is provided that "upon the signing hereof, said Pla will execute an assignment of said concession to the said Havana City Railway Company, which he will place in the hands of Mr. J. M. Ceballos, of New York, to so remain until the company pays fifteen thousand dollars as agreed, or, when said J. M. Ceballos is satisfied by the company's order upon the bankers engaging to underwrite the company's bonds, he will then deliver such assignment to the company, and will receive from said Pla the deed of the Electric Concession, which will then be delivered to the company, so that it can issue its bonds and record its mortgage;" that in accordance with the terms of the said agreement the defendant Pla, on the said 22d day of October, 1895, executed an assignment of the said franchise from himself to the plaintiff company, and deposited the same, together with the said agreement, with the defendant Juan M. Ceballos; and that the said Ceballos received said assignment of the franchise from the defendant Pla, to hold the same, in accordance with the terms of the said agreement, and that upon receipt thereof he signed and delivered to the president of the plaintiff company an acknowledgment, a copy of which is attached to the complaint. That acknowledgment, dated 80 Wall street, New

York, October 22, 1895, to the Havana City Railway Company, certifies :

"I have received from Mr. F. Pla, of Havana, Cuba, an assignment to you of the horse-car concession granted by City of Havana to Manuel De La Torre, which I am to hold in escrow, in accordance with the terms of the agreement made yesterday between your company and Mr. Pla, which trust I hereby accept.

"(Signed)          J. M. CEBALLOS."

It is further alleged that, since the execution by the defendant Pla of the said assignment of the franchise to the plaintiff company and the deposit thereof with Ceballos, the defendants Ceballos, Pla and Rohl have conspired to cheat and defeat the plaintiff company of its right to ownership in the said franchise, and fraudulently and wrongfully to convert the same to the use of the defendant Ceballos; and that the defendant Ceballos, in furtherance of his design to cheat and defeat the plaintiff company of its right to and ownership in the said franchise, and for the purpose of fraudulently and wrongfully acquiring possession thereof for his own personal benefit, falsely and fraudulently represented to the defendant Pla that the plaintiff company had given up all interest in the said franchise, and had released him, the defendant Pla, of and from all his obligations under his agreement with the plaintiff company and under the assignment of the said franchise executed by virtue thereof as set out in the complaint; and that by means of such false and fraudulent representations, and by paying to the defendant Pla a large sum of money, the defendant Ceballos induced Pla to execute and deliver to the defendant Rohl an assignment of the said franchise from himself to the defendant Rohl; that thereupon Rohl executed and delivered to Ceballos an assignment of the said franchise in fraud of the plaintiff corporation; that the defendant Ceballos has contracted to sell, or is negotiating for the sale of the said franchise to the defendant the American Indies Company for a large sum of money, and has transferred, or intends to transfer, the same to the defendant the American Indies Company without the consent of the plaintiff company, and in fraud of its rights; and that the American Indies Company has agreed to purchase the said franchise from the defendant Ceballos, with full knowledge of

the facts thus alleged, and is about to take an assignment of the said franchise from the defendant Ceballos, and that the franchise is worth the sum of $500,000.

Thus, the action is apparently brought to enforce this agreement of Ceballos made in the city of New York to hold for the benefit of the plaintiff corporation an assignment of this franchise; to compel the delivery of such assignment to the plaintiff corporation, and to enforce the title of the plaintiff corporation, under such assignment, to the franchise which the assignment transferred to the plaintiff corporation. Such assignment when delivered to the plaintiff corporation would transfer to it the concession therein specified. The complaint alleges and the demurrer admits that such an assignment was executed by the owner of the concession and deposited with the defendant Ceballos, who in this State executed an agreement to hold the same for the plaintiff corporation upon its performance of the obligations specified in the agreement under which the transfer of the assignment of the franchise was deposited. That cause of action vested in the plaintiff corporation, and to enforce that agreement the stockholders of the plaintiff corporation were neither necessary nor proper parties. No right to the franchise vested in the stockholders as distinct from the corporation, and in an action brought by all of the stockholders, without an allegation that the corporation refused to sue, no cause of action would be stated. It was the plaintiff corporation in whom was vested under the agreement the right to a transfer of the concession, and the actual assignment or transfer that was executed and deposited with Ceballos was to the plaintiff corporation. The complaint, therefore, alleged no cause of action in favor of Alexander as trustee for the stockholders, and he was not either a necessary or proper party plaintiff.

The question here presented is as to whether this objection can be taken advantage of by demurrer. The Code (§ 488) permits a defendant to demur upon the ground that there is a misjoinder of parties plaintiff. This ground of demurrer seems to have been added by the Code of Civil Procedure. In the note to this section in Bliss' Code it is said: "Subdv. 5 is new, and for the first time allows a demurrer for excess of parties plaintiff, leaving instances of excess of defendants to be treated as heretofore." And this, we

think, is the effect of the statute. Where a person in whose favor there is no cause of action alleged is joined with a plaintiff in whose favor a cause of action is alleged, there is a misjoinder of parties plaintiff, as there is a person injected into the action as a party plaintiff who is not entitled to sue.

It is claimed by the plaintiff, however, that under section 446 of the Code of Civil Procedure the plaintiff, while not being a necessary party and having no right to bring this action alone, is a person having an interest in the subject of the action and in obtaining the judgment demanded, and may thus be joined as a party plaintiff in an action to enforce the obligation. We think that this is a misconception of the meaning of the provision. The right to this concession under the contract vested in the corporation, and while it is true that a stockholder of the corporation has in one sense an interest in the property of the corporation, he has no interest which would entitle him to join in a proceeding to enforce this obligation to the corporation. All of the creditors of a corporation may be said to have an interest in the corporate property, as they must look to such property for the payment of their debts; and, so, the stockholders of a corporation have an interest in the property, as upon the dissolution of the company they would have a right to receive their share of the corporate property after the payment of the debts of the corporation. Such an interest is not an interest in the subject of an action brought to enforce an obligation to the corporation or to recover possession of its property. To bring a person within the provision of this section it must appear that he has some interest, legal or equitable, in the particular property which is the subject of the action, or in the enforcement of the cause of action which is sought to be enforced. Many illustrations could be given where persons having an indirect interest in the enforcement of an obligation, or in the recovery of property, would have no interest in the subject of an action to enforce such obligation or to recover such property. Thus, the creditors and legatees or next of kin of a decedent in whose favor a cause of action existed, and the *cestuis que trustent* of a trust estate, are interested in the property of the decedent or the trust; but the right of action to enforce obligations or to recover property vests exclusively in the executor or administrator or trustee, and the joinder of those who would be ultimately

entitled to share in the property, or its proceeds, which would be collected in an action to recover such property, are not interested in the subject of the action in a sense that justifies their being made parties plaintiff thereto.   An entirely different cause of action arises where the *cestuis que trustent*, or persons beneficially interested in a recovery, request the individual or corporation in whose favor a cause of action exists to bring an action to recover property for their benefit and such person refuses.   The cause of action there is to compel the person or corporation whose duty it is to bring the action to act so that a right of action in which the plaintiff has an ultimate interest can be enforced in favor of the person in whom it is vested.   But in such a case it would be improper to join a person in whom the cause of action vests, and who is entitled to enforce it, with one who seeks to compel such person to enforce the cause of action; for if the person in whom the cause of action is vested consents to sue, then the person for whose benefit the suit is to be brought has no cause of action, but it must be commenced and continued by the person in whom the cause of action vests.   In no aspect of the case can it be said that this trustee for stockholders is, upon the allegations of this complaint, a proper party, either plaintiff or defendant, and for that reason the demurrer should have been sustained.

A demurrer upon the ground stated, when properly taken, entitled the party demurring to a judgment sustaining the demurrer to the complaint as a whole, and it is not necessary for us to consider the other grounds of demurrer, as an amendment to the complaint being necessary, it is quite possible that the objections may be obviated by such amendment.

The judgment appealed from should, therefore, be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend the complaint upon payment of costs in all courts.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to amend complaint on payment of costs in this court and in the court below.