NATHANIEL L. BRADLEY et al., Respondents, *v.* PETER B. BRADLEY, Appellant.

MISJOINDER — WHEN FALSE REPRESENTATIONS TO ONE OF TWO PARTIES ACTING IN UNISON WILL SUSTAIN ACTION BY BOTH TO RESCIND SALE. When two stockholders acting in unison and through the false representations of a third made to one of them, but intended to influence both, are led to make a sale of their respective shares of stock upon an agreement made with one for both, for a consideration far below its actual value, they may join as plaintiffs in one action to obtain a rescission of the sale for such fraud and the restoration of the stock.

*Bradley* v. *Bradley*, 53 App. Div. 29, affirmed.

(Argued November 13, 1900; decided December 11, 1900.)

APPEAL from an interlocutory judgment of the Supreme Court in favor of plaintiffs, entered August 7, 1900, upon an order of the Appellate Division in the third judicial department affirming an order of Special Term overruling a demurrer to the complaint.

The Appellate Division, in allowing the appeal, certified the following questions:

1. Does it appear upon the face of the complaint herein that there is a misjoinder of parties plaintiff?

2. Does it appear upon the face of the complaint herein that causes of action have been improperly united?

The complaint alleges that the plaintiffs are father and son, both residing in Connecticut, and on and prior to January 27, 1897, each was the owner of 118 shares of the capital stock of the Bradley Salt Company, a corporation of this state engaged in the production and sale of salt at Warsaw in this state; that the defendant, Peter B. Bradley, was the president of the company and a large holder of its capital stock, and in connection with Walter A. Bradley, another large stockholder, in the main managed and controlled the affairs of the corporation, and that they gave to the plaintiffs from time to time the information respecting the business and condition of the corporation, upon which the plaintiffs relied, and assumed liabilities in its behalf, the plaintiff Nathaniel being then the indorser upon its notes to the amount of $150,000, and that the defendant knew that they relied upon such information. That shortly before the date mentioned the corporation, acting in part through the defendant, made an agreement for the sale of the property of the corporation which, if completed, would enhance the value of its capital stock much beyond the value which the plaintiffs, relying upon the said information, and having no other, supposed it to possess or likely ever to attain. That the plaintiffs acted in concert in reference to their stock, and the defendant correctly assumed that they would do so in the sale thereof. That after such agreement was made the defendant, with the intent fraudulently to mislead the plaintiffs and induce them to sell their stock to him at a price much below its value, induced the plaintiff Nathaniel to visit the property of the corporation, and then by fraudulent suppression of the facts as to said agreement of sale of its property and false representations to the effect that the condition of the property was bad, its needs of repair urgent and expensive, the business not prosperous, and that said plaintiff would have to further indorse its paper, in order to place it in proper condition, and knowing that both plaintiffs would act together in the sale of their capital stock, thereby induced them to sell and transfer

the same to him for thirty dollars per share, when it was in fact upon the completion of the said sale of the property of the corporation, which was soon thereafter sold, pursuant to said agreement therefor, worth one hundred and fifty dollars per share, and the plaintiffs, relying upon such false representations, and misled thereby and by the fraudulent suppressions of fact, and by defendant's representation that the plaintiff Nathaniel would be released from or indemnified against his indorsement on the notes of said corporation, did, on January 27, 1897, sell their said shares of stock to the said defendant for thirty dollars per share. The complaint sets forth in detail the false suppressions, negatives the false representations, alleges defendant's knowledge that they were false, and alleges that the company was in such a prosperous condition that the plaintiff Nathaniel was not at all liable to be charged upon his indorsement.

The plaintiffs severally and jointly offer to restore the consideration received by them, and restore the defendant to his former situation, and consent that the judgment so provide, and demand judgment that the sale be rescinded and that defendant restore to each of them his stock.

The defendant demurred upon the grounds : 1. Misjoinder of parties plaintiff. 2. That separate causes of action in favor of separate plaintiffs have been improperly united.

*Horace McGuire* for appellant. The action cannot be maintained in favor of the two plaintiffs to cancel and annul two separate assignments of stock certificates, for the reason that neither plaintiff is shown to have any common interest in the stock certificates or the stock of the other plaintiff. (*Smith* v. *Schulting*, 14 Hun, 52; *Whiting* v. *E. I. Assn.*, 45 App. Div. 349; *Kellogg* v. *Siple*, 11 App. Div. 458; *Gray* v. *Rothschild*, 48 Hun, 596; *Chester* v. *Hallyard*, 36 N. J. Eq. 313; *Jones* v. *Garcia Del Rio*, 1 T. & R. 297; *Ireland* v. *City of Rochester*, 51 Barb. 414; *Kennedy* v. *City of Troy*, 14 Hun, 308; *Wood* v. *Perry*, 1 Barb. 114; *Emory* v. *Erskine*, 66 Barb. 9.)

*Frederick Collin* for respondents.   It does not appear upon the face of the complaint herein that there is a misjoinder of parties plaintiff.   The complaint states facts which entitle Clarence P. Bradley to participate as to his shares of stock in the relief demanded.   (*Martin* v. *Home Bank*, 160 N. Y. 190; Shipman on Eq. Pl. 14, 15; 1 Pom. Eq. Juris. §§ 115, 243, 245, 250, 251, 255, 264, 268, 428, 429; *Tribetto* v. *R. R. Co.*, 70 Miss. 182; *Shields* v. *Barrow*, 17 How. [U. S.] 130; *Williams* v. *Bankhead*, 19 Wall. 563; *Campbell* v. *Mackay*, 1 M. & C. 603; *Brown* v. *G. T. Co.*, 128 U. S. 403; *Murray* v. *Hay*, 1 Barb. Ch. 59; *Foot* v. *Bronson*, 4 Lans. 47; *Conro* v. *P. H. I. Co.*, 12 Barb. 27.)   It does not appear upon the face of the complaint herein that causes of action have been improperly united.   (*Kelly* v. *Boettcher*, 85 Fed. Rep. 55; *Fellows* v. *Fellows*, 4 Cow. 682; *Boyd* v. *Hoyt*, 5 Paige, 65; *Wilson* v. *Castro*, 31 Cal. 420.)

LANDON, J.   This case is near the border line.   If this complaint were at common law for the recovery of money, the demurrer would, no doubt, be well taken, since neither plaintiff had any pecuniary interest in the stock of the other, and has no interest in the damages sustained by the other.   But the action is in equity to rescind the contract of sale which the defendant induced both plaintiffs to make of all the shares of capital stock held separately by each, by a fraud ingeniously contrived, with the design and to the end that both should be misled, and more effectually misled by operating upon the elder plaintiff than if directly upon both.   Ordinarily a separate misrepresentation to one is not a misrepresentation to two; but if the situation is to the knowledge of the fraudulent actor such that a separate misrepresentation to one will reach two, and is intended to be to two, and pursuant to the intention becomes so, then the misrepresentation is to two. The deceit was single in act and utterance, but joint in operation and effect.

The complaint shows that, although these plaintiffs severally owned their quota of shares, they nevertheless acted in concert

respecting them and the interests represented by them, and were by the same fraud of the defendant induced to act in concert in selling their stock to him. The defendant baited and set one trap for both, and caught both in it. The wrong of the defendant destroyed their unity of action as owners of the stock, and it is agreeable to equity that the plaintiffs should be extricated together, and under the facts they allege be permitted to act together in rescinding the sale and in reinstating themselves in their former position.

The fraud alleged is of that single character and bifold or manifold effect that in order to present its full scope both causes of action should be united; and also in order to avoid two actions, equity should take cognizance of the fraud in one and dispose of it once for all, to the relief of both parties to the action, whose like interests have been in like manner injured by it. (*Murray* v. *Hay*, 1 Barb. Ch. 59 ; *Wood* v. *Perry*, 1 Barb. 114 ; *Foot* v. *Bronson*, 4 Lans. 47 ; *Emery* v. *Erskine*, 66 Barb. 9 ; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139 ; *Strobel* v. *Kerr Salt Co.*, 164 N. Y. 303 ; *Smith* v. *Schulting*, 14 Hun, 52 ; *Kennedy* v. *City of Troy*, ib. 308 ; *Kellogg* v. *Siple*, 11 App. Div. 458 ; *Simar* v. *Canaday*, 53 N. Y. 298 ; *Shields* v. *Barrow*, 17 How. [U. S.] 130 ; *Williams* v. *Bankhead*, 19 Wall. 563 ; *Brown* v. *Guarantee Trust & S. D. Co.*, 128 U. S. 403 ; 1 Pomeroy Eq. Juris. secs. 243 *et seq.*; Story Eq. Pl. sec. 76, c. ; Adams Eq. [8th ed.] 314.) The provisions of the Code of Civil Procedure, sections 446, 447, 452, are not in derogation of the equity rules. (*Derham* v. *Lee*, 87 N. Y. 599.)

Unlike the cases of *Gray* v. *Rothschild* (112 N. Y. 668) and *Chester* v. *Halliard* (36 N. J. Eq. 313), cited by the defendant, these plaintiffs were not separately deceived, but because of their concert in judgment and action they were jointly deceived to their several injury not only, but to their joint injury, resulting from the severance of their joint action in the management of their interests. This joint injury may not be measurable in money, and hence can only be appreciated in equity. It touches the form of the action and rem-

edy, rather than the amount of the relief. It inclines the court to hear the case in its entirety, and not in fragments.

The questions certified should be answered in the negative, and the interlocutory judgment affirmed, with costs.

PARKER, Ch. J., O'BRIEN, CULLEN and WERNER, JJ., concur; GRAY and HAIGHT, JJ., not voting.

Interlocutory judgment affirmed.