(80 App. Div. 514.)

## LAWRENCE et al. v. McKELVEY et al.

(Supreme Court, Appellate Division, Second Department.   March 26, 1903.)

1. PARTIES—JOINDER—CAUSES OF ACTION—STATUTES.

Code Civ. Proc. § 446, provides that all persons having an interest in the subject of the action and in obtaining the judgment demanded may be joined as plaintiffs. A person transferred his business and assets to a corporation, which, in return, gave him stock and assumed his liabilities. Subsequently bankruptcy proceedings were instituted against him on the ground that he had transferred his property with intent to defraud creditors. *Held,* that an action for damages by him against those instituting the bankruptcy proceedings could not be joined with an action founded on the same ground by the corporation.

Appeal from Special Term.

Action by James V. Lawrence, individually and as surviving partner of the firm of Lawrence Bros., and another, against John J. McKelvey and others. From a judgment sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Ralph Earl Prime, Jr., for appellants.
Edward M. Shepard, for respondents.

WOODWARD, J.   The plaintiffs allege that during all of the times hereinafter mentioned the plaintiff James V. Lawrence was, and now is, the sole surviving partner of the firm of Lawrence Bros., and that the plaintiff Lawrence Bros., Incorporated, is a domestic corporation located at, and having its principal place of business in, the city of Yonkers; that prior to the 29th day of July, 1901, the plaintiff James V. Lawrence was, and for many years past has been, engaged in business, individually and as sole surviving partner of the firm of Lawrence Bros., at Yonkers, N. Y., as a wholesale and retail dealer in lumber, etc., and as such had created and built up, and was the owner of, a business and property of the value of a large sum of money, and largely in excess of all his just debts and liabilities, and, as the owner and proprietor of said business, was well and favorably known to the community and trade throughout the United States, and enjoyed and possessed a high business rating, and exceptional credit for integrity and financial responsibility; that on the date above mentioned, for value received, the plaintiff James V. Lawrence, individually and as sole surviving partner of the firm of Lawrence Bros., sold and transferred to the plaintiff corporation, Lawrence Bros., Incorporated, which corporation had been duly formed for the purpose of taking up and carrying on said business, and of which corporation the plaintiff James V. Lawrence was, and still is, the president, all the assets, property, and good will of said business by him at that time owned and possessed, as such surviving partner, all of which were of the value of a very large sum of money, and largely in excess of all outstanding debts and liabilities, and, in part payment for such property, received from

¶ 1. See Malicious Prosecution, vol. 33, Cent. Dig. § 90.

said Lawrence Bros., Incorporated, certain shares of the capital·stock of said corporation, and, as further consideration for said transfer to it, said corporation, Lawrence Bros., Incorporated, expressly assumed and obligated itself to pay and discharge all outstanding debts and obligations at that time owed by the firm of Lawrence Bros., or by the said James V. Lawrence as sole surviving partner thereof, aforesaid. The complaint further alleges that the property so transferred far exceeded the debts which the new corporation promised to pay, and that the stock received by James V. Lawrence was of great value, etc. It also alleges that in September, 1901, these defendants, without any probable cause therefor, and wrongfully and unlawfully, and with the willful and malicious intent of injuring the plaintiff James V. Lawrence and the corporation Lawrence Bros., Incorporated, of which he was president, and in which he had large and valuable property interests, instigated, procured, devised, brought, and commenced certain judicial proceedings in the United States District Court for the Southern District of New York in involuntary bankruptcy against the plaintiffs in this action, and caused the process of said court to be issued and served ·therein. The complaint then alleges a conspiracy on the part of the defendants to make use of bankruptcy proceedings to injure the plaintiffs; alleges various illegal acts and proceedings in furtherance of the alleged conspiracy, and the final disposition of the bankruptcy proceedings in favor of the plaintiffs. It then alleges that the plaintiffs have suffered special damages by reason of the prosecution ·of the bankruptcy proceedings, and demands judgment for the sum of $75,000.

The defendants appear separately and demur to the complaint, assigning as grounds of the demurrer (a) misjoinder of parties plaintiff, (b) misjoinder of causes of action, and (c) that the complaint does not state facts sufficient to constitute a cause of action; but, upon the argument, reliance was placed principally upon the first ground stated, and the learned court at Special Term has sustained the demurrers. The plaintiffs appeal.

Section 446 of the Code of Civil Procedure provides:

"All persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly prescribed in this act."

The question here presented is whether the plaintiffs in this action have such an interest in the subject of this action and in obtaining the judgment as is contemplated by the Code provision cited. The bankruptcy proceeding was directed against the plaintiff James V. Lawrence, on the ground that he had committed an act of insolvency, in disposing of all his property with the intent to hinder, delay, and defraud his creditors; and, while the pleadings are somewhat involved, it is difficult to understand how the plaintiff Lawrence Bros., Incorporated, could have been involved in the bankruptcy proceedings, except incidentally. But it is conceded that the plaintiff James V. Lawrence had disposed of all of his property to the plaintiff Lawrence Bros., Incorporated, taking the stock of the latter, and its promise to pay his debts, in consideration of the transfer, so that he had no property except such as was represented by the stock of Lawrence Bros., Incorporated. He could not, therefore, have been injured in his prop-

erty, except as that was involved in the corporation, and he cannot recover damages apart from those which are suffered by the corporation as a whole in a personal action against these defendants. If the plaintiff James V. Lawrence suffered any injuries at the hands of these defendants, they were such as resulted to his feelings and his business reputation, while the damages of the plaintiff Lawrence Bros., Incorporated, must have been those of a business character, relating to the property which had been transferred by James V. Lawrence. In other words, while the cause of action in both cases arose out of the alleged malicious prosecution of bankruptcy proceedings against James V. Lawrence, there are necessarily two separate and distinct causes of action, assuming that the Lawrence Bros., Incorporated, have a cause of action. One of these is for the damages resulting personally to James V. Lawrence, and the other is for such damages as Lawrence Bros., Incorporated, may have suffered by reason of this interference with their business and property. James V. Lawrence has no legal interest in the judgment which the Lawrence Bros., Incorporated, may recover. It is only the entity created by law into a body corporate which has an interest in that judgment; and the fact that the plaintiff James V. Lawrence is the president of such corporation, and the principal stockholder, is of no importance. He is not a person interested in the action and in obtaining the judgment. Havana City Railway Co. v. Ceballos, 49 App. Div. 263, 268, 63 N. Y. Supp. 417. In the cited case the court say:

"To bring a person within the provision of this section [446] it must appear that he has some interest, legal or equitable, in the particular property which is the subject of the action, or in the enforcement of the cause of action which is sought to be enforced."

And the court expressly holds that stockholders of a corporation do not occupy this relation to the corporation. The case is only confusing when considered in the light of the intimate relations between James V. Lawrence and Lawrence Bros., Incorporated. If we say that James V. Lawrence sold all of his property to a private corporation, taking in payment certain shares of the stock of such corporation, and then remember that a bankruptcy proceeding was instituted against Mr. Lawrence, that it was finally brought to a determination favorable to Mr. Lawrence, and that an action was instituted against the defendants for maliciously instituting such proceedings against Mr. Lawrence, it will be seen that the latter has no interest in the subject of the action or in obtaining the judgment, in so far as the corporation is concerned, although he may have an indirect interest in the matter as the owner of the stock of the corporation. In a like manner, the corporation can have no legal interest in the judgment to be procured for a tort committed against one of its stockholders. There is no joint relation of the parties, and the mere fact that the damage results to both parties by means of the same wrongful act on the part of the defendants does not justify a joint demand on the part of these plaintiffs for a common judgment. In Bradley v. Bradley, 165 N. Y. 183, 58 N. E. 887, where the plaintiffs were father and son, bringing an action to set aside a contract of sale which defendant induced both plaintiffs

to make of all the shares of capital stock held separately by each, by a fraud ingeniously contrived to mislead both plaintiffs, who acted concurrently in handling their possessions, the court, while holding the complaint good, say:

"This case is near the border line. If this complaint were at common law for the recovery of money, the demurrer would, no doubt, be well taken, since neither plaintiff had any pecuniary interest in the stock of the other, and has no interest in the damages sustained by the other."

So, in this case, which is an action to recover money, the plaintiffs have no common interest in the damages. James V. Lawrence has no legal interest in any judgment which the corporation of Lawrence Bros. might recover, while the corporation has no legal interest in the damages which James V. Lawrence might be granted upon a trial. Under such circumstances, there is no justification for the joinder of plaintiffs.

In the case of Loomis v. Brown, 16 Barb. 325, relied upon by the appellants, the defendants had executed an undertaking, running to the plaintiffs Loomis, Kirby, and Gunn, to the effect that the plaintiffs in an action for an injunction would pay the said Loomis, Kirby, and Gunn "such damages, not exceeding $2,500, as they might sustain by reason of the injunction, if the court should finally decide that the plaintiffs were not entitled thereto"; and the court very properly held that, as the covenant was joint, the covenantees might sue jointly. There was some discussion and some general language which would seem to support the contention of the appellants, but we are unable to agree with the appellants that the language there used is controlling in the present case. It was true that all of the plaintiffs in that action were not damaged alike, but they were all interested in the joint covenant to indemnify them against loss by reason of the injunction, and it was proper that they should dispose of the matter in one action. But here the plaintiffs, as we have seen, are not jointly interested. Their interests are separate and distinct, and neither party can have any legal interest in the judgment which may be recovered by the other, and this is the test of whether the plaintiffs are properly joined. They must have an interest in the subject of the action, and in obtaining the judgment demanded, and the mere fact that an individual is the principal stockholder in a corporation does not operate to give the corporation and the individual a joint interest in an action against these defendants for maliciously prosecuting a bankruptcy proceeding against James V. Lawrence.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.