(49 Misc. Rep. 1)

CONLEY et al. v. WALTON et al.

(Supreme Court, Special Term, New York County. December, 1905.)

EXECUTORS AND ADMINISTRATORS—PARTIES—HEIRS.

Under Code Civ. Proc. § 446, providing that all persons having an interest in the subject of the action and in obtaining the judgment demanded may be joined as plaintiffs, to join one as plaintiff he must have a right to enforce an obligation or to recover property; so that the heirs may not join with the administratrix of a legatee of testator for embezzlement of funds by the executor, though the funds have been invested in real estate, which it is sought to reach.

Action by Mary Conley and others against Anna T. Walton, individually and as executrix of Patrick Walton, deceased, and others. Demurrer to complaint sustained.

Edward J. McGuire, for plaintiffs.
Charles DeWitt Rogers, for the demurring defendant.

GIEGERICH, J. This action is brought by the administratrix and the heirs at law and next of kin of Mary Conley, a deceased legatee of one James Hernon, the executor of whose will, Patrick Walton, is alleged to have embezzled funds belonging to the Hernon estate, and to have conveyed to the defendant Anna T. Walton, his wife, without consideration, and with intent to cheat, defraud, hinder, and delay his creditors and the persons beneficially interested in the Hernon estate, and to create a secret and illegal trust for the benefit of himself and his family, certain real property which is sought to be reached and sold in this action, and the proceeds distributed among those entitled thereto. A demurrer has been interposed by the defendant Tobin upon the ground of misjoinder of parties plaintiffs, in that no cause of action is stated in favor of such of the plaintiffs as sue individually.

The demurrer must be sustained upon the authority of Havana City Ry. v. Ceballos, 49 App. Div. 263, 63 N. Y. Supp. 417. The principle of that decision, as I interpret it, is that, in order to join one as a party plaintiff under the provisions of section 446 of the Code of Civil Procedure, it is not enough that he have an interest in the subject of the action, but he must have a right to enforce an obligation or to recover property. The question of the necessity of such a right was not discussed in Peck v. Richardson, 12 Misc. Rep. 310, 33 N. Y. Supp. 1107, and Id., 17 App. Div. 618, 44 N. Y. Supp. 919, where it was assumed that any one having an interest in the subject of the action could be joined as a party plaintiff. The fallacy of such

position is clearly pointed out in Havana City Ry. v. Ceballos, supra, where the court, at page 268 of 49 App. Div., and page 421 of 63 N. Y. Supp., says:

"Many illustrations could be given where persons having an indirect interest in the enforcement of an obligation, or in the recovery of property, would have no interest in the subject of an action to enforce such obligation or to recover such property. Thus, the creditors and legatees or next of kin of a decedent in whose favor a cause of action existed, and the cestuis que trustent of a trust estate, are interested in the property of the decedent or the trust: but the right of action to enforce obligations or to recover property vests exclusively in the executor or administrator or trustee, and the joinder of those who would be ultimately entitled to share in the property, or its proceeds, which would be collected in an action to recover such property, are not interested in the subject of the action in a sense that justifies their being made parties plaintiff thereto."

An attempt is made by the counsel for the plaintiff to distinguish Havana City Ry. v. Ceballos, supra, from the present case, and to use it as an authority in support of the complaint, by quoting from that opinion (at page 268 of 49 App. Div., and page 421 of 63 N. Y. Supp.) as follows:

"To bring a person within the provisions of this section (446) it must appear that he has some interest, legal or equitable, in the particular property which is the subject of the action, or in the enforcement of the cause of action which is sought to be enforced."

This does not mean, as other portions of that opinion clearly show, that every person who has an equitable interest is entitled to be joined as a plaintiff. On the contrary, if such person is represented by a plaintiff who holds the legal interest covering such equitable interest, then such equitable beneficiary is not entitled to be joined, and should not be joined, as a plaintiff. It is only when the equitable interest would otherwise be unrepresented, or perhaps inadequately or imperfectly represented, that the possessor of such interest can be made a plaintiff. The principle of the decision in Havana City Ry. v. Ceballos, supra, was approved and applied in Lawrence v. McKelvey, 80 App. Div. 514, 81 N. Y. Supp. 129.

It may be, as is urged by the counsel for the plaintiffs, that it would be valuable and useful to have the heirs and next of kin represented as parties in order to bind them by the judgment that may finally be rendered. Whether this would be possible by making them defendants is a question that is not presented now. Certainly they cannot be made plaintiffs under the decision above quoted. It is suggested that, as this action involves the title to real estate, the heirs should be parties. The property in suit was not land when it formed a part of the Hernon estate, however, but was personal property claimed to have been converted by the executor of that estate. The mere fact that the property sought to be reached is in the form of land manifestly cannot entitle the heirs to its possession under the circumstances. The right to reach that property, if there be such a right, still remains exclusively in the administratrix.

The demurrer is therefore sustained, with costs, but with leave to amend upon payment of such costs within 20 days.