(119 App. Div. 521)

## MULLIN et al. v. MULLIN et al.

(Supreme Court, Appellate Division, Second Department.   May 10, 1907.)

1. TRUSTS—CONSTRUCTIVE TRUSTS—UNDUE INFLUENCE IN PROCURING PROPERTY.
Defendant by the exercise of undue influence induced an owner to pay his money over to defendant, who should hold the same in trust for the owner, and also procured by similar means the investment of a part thereof in real estate, the title to which was taken in the name of defendant under an agreement to hold the same in trust. *Held*, that defendant became at least a trustee ex maleficio of the money intrusted to his keeping, and equity, treating the transaction void, might construct a trust and compel defendant to account as trustee ex maleficio of the money used in the purchase of the real estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 144–146.]

2. SAME—ACTIONS—PARTIES.
Where one obtained by the exercise of undue influence the possession of money of another to be held in trust, and the latter died, no one but his personal representative had such interest in the subject of an action to compel the former to account as entitled him to be joined as a party plaintiff within Code Civ. Proc. § 446.

3. SAME—PASSIVE TRUSTS.
Defendant by the exercise of undue influence induced an owner to pay his money over to defendant, who by similar means procured the investment of a part thereof in real estate, the title to which was taken in the name of defendant, under an agreement to hold the same in trust for the owner. *Held*, to create a passive trust under Real Property Law, Laws 1896, p. 570, c. 547, §§ 72, 73, providing that the trustee of a passive trust shall acquire no title, etc., and the legal title vested in the owner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 179.]

4. SAME—CONSTRUCTIVE TRUSTS—ENFORCEMENT—REMEDIES.
One on whom undue influence was exercised by another paid money to the latter, who agreed to hold the same in trust. By similar means the former was induced to invest a part of the money in real estate, the title to which was taken in the name of the latter under an agreement that he should hold the same in trust for the former. *Held*, that the former might elect to avoid the entire transaction and hold the latter as trustee ex maleficio, or to affirm it and insist that the legal title to the real estate purchased had vested in him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 517.]

5. SAME—ELECTION OF REMEDIES—ACTS CONSTITUTING ELECTION.
One by the exercise of undue influence induced another to pay his money over to the former, who agreed to hold the same in trust and also procured by similar means the investment of a part thereof in real estate, the title to which was taken in the name of the former, under an agreement to hold the same in trust for the latter. The latter died. *Held*, that an action by his administratrix and his next of kin and heir at law, in which they asserted title to the real estate, was an election to affirm the transaction, and insist that the legal title to the real property had vested in him.

6. SAME—PARTIES.
Defendant by the exercise of undue influence induced an owner to pay his money over to defendant, who agreed to hold the same in trust, and also procured by similar means the investment of a part thereof in real estate, the title to which was taken in the name of defendant, under an agreement to hold the same in trust. The owner died, and his administratrix, next of kin, and heir at law sued defendant for an accounting and for a judgment declaring that the real estate vested in the heir. *Held*, that there was no misjoinder of parties plaintiff within Code Civ. Proc.

§ 446, authorizing all persons having an interest in the subject of the action to join as plaintiffs, the question being whether the money and real estate were obtained by defendant by means of undue influence, and pursuant to an agreement to hold the same in trust.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 580.]

7. CANCELLATION OF INSTRUMENTS—COMPLAINT.

A complaint seeking the recovery of real estate, which alleges that plaintiff's decedent, being of feeble mind and under the influence of defendant, was induced by defendant to take deeds therefor in the name of defendant, fails to allege a cause of action based on defendant's undue influence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Cancellation of Instruments, § 76.]

Appeal from Special Term, Queens County.

Action by Mary E. Mullin, individually and as administratrix of John P. Mullin, deceased, and another, against Bridget Mullin and another. From an interlocutory judgment overruling demurrers to the complaint, defendants appeal. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Leander B. Faber and Charles H. Street, for appellants.
Rudolph Marks, for respondents.

MILLER, J. The defendants appeal from an interlocutory judgment overruling their demurrers to the complaint. The complaint attempts to plead two causes of action, and the defendants demur to the entire complaint, on the ground that causes of action are improperly united, and to each separate cause of action attempted to be stated on the ground of misjoinder of parties plaintiff and of failure to state facts sufficient to constitute a cause of action. The plaintiff Mary E. Mullin, who sues individually and as administratrix, is the widow of John P. Mullin, deceased, and the plaintiff Mollie Oldner is the only heir at law and next of kin of said deceased. While the complaint lacks clearness and precision, I think that, indulging in the inferences warranted in testing its sufficiency on a demurrer, it alleges in effect, for the first cause of action, that the defendants by the exercise of undue influence over said John P. Mullin from time to time induced him to deliver to them large sums of money to be held by them in trust, and that they also by like means from time to time induced him to invest portions of said moneys in real estate, taking the title in the name of the defendant Bridget Mullin under an agreement that she would hold it in trust for him, and that during his lifetime he was in absolute possession and control of said real property; that the plaintiffs are in ignorance of the exact sums of money so delivered and of the particular parcels of real property so purchased; that after the death of the said John P. Mullin the said defendant, Bridget Mullin, conveyed said real property to the defendant Mary Nolan; and that the said defendants refuse to account in any way or recognize the rights of the plaintiffs in said property. It is also alleged that one of the purposes of the said Mullin was to avoid the payment of liabilities which might accrue against him.

Of course, it is unnecessary to discuss the proposition that a person who transfers his property to defraud his creditors cannot have the aid of equity to get it back, and that allegation would be fatal to the complaint were it not for the allegation that said Mullin was of feeble mind and under the influence and control of the defendants, and that the transactions alleged were the result of such undue influence and control. The unlawful purpose was therefore that of the defendants, and not of said Mullin. By the transaction alleged in the complaint the defendants became at least trustees ex maleficio of the moneys intrusted to their keeping. Equity will therefore compel them to account, but it is clear that, as to the money obtained by the defendants, no one but the personal representative of the deceased has any such legal or equitable interest in the subject of the action as entitles him to be joined as a party plaintiff within section 446 of the Code of Civil Procedure (Havana City Railway Co. v. Ceballos, 49 App. Div. 263, 63 N. Y. Supp. 417), and, as to the real property, equity, treating the entire transaction as void by reason of the undue influence practiced, might construct a trust and compel the defendants to account to the personal representatives of the deceased as trustees ex maleficio of the money used in its purchase. It is claimed by the respondents that the deceased was seised of an estate of inheritance in said real property, and that, therefore, the widow is entitled to dower by virtue of section 170 of the real property law (Laws 1896, p. 584, c. 547), and, while the appellants contend that the widow was not entitled to dower, they seem to assume that the heir is a proper person to maintain the action so far as it concerns the real property. If that assumption is correct, it must follow that the deceased was seised of an estate of inheritance and that the widow is entitled to dower; and a possible theory can be suggested for claiming that the absolute title vested in the deceased upon the conveyance to the defendant Bridget Mullin, pursuant to an agreement to hold the title in trust, which we are not to assume was void for not being in writing. While no trust could result from the payment of the purchase money, the conveyance pursuant to said agreement would operate to vest the legal title in the person entitled to the possession and the rents and profits, pursuant to sections 72 and 73 of the real property law (Laws 1896, p. 570, c. 547). The trust agreed upon being passive, no title vested in said defendant, but the said John P. Mullin became seised of the legal title. Wendt v. Walsh, 164 N. Y. 154, 58 N. E. 2. I suppose the party defrauded—i. e., the one upon whom the undue influence was practiced—could elect whether he would avoid the entire transaction and hold the defendants as trustees ex maleficio, or whether he would affirm it, and insist that the legal title to the real property purchased had vested in him. If this be so, the commencement of an action by his personal representative, next of kin and heir at law, in which the claim of title is asserted, must be treated as an election on their part so to claim; and it is unnecessary now to determine who would have the right of election, as all of the parties who could possibly exercise it are plaintiffs. It will thus be seen that upon the theory of the complaint the widow and the heir are concerned in the real property, and the personal representative in the personal property, and it remains to be considered whether more than one cause of

action is alleged, and, if so, whether all of the parties are affected. While different transactions are alleged, they appear at least inferentially to be parts of the same general scheme. It is claimed that pursuant to agreement, and as the result of the exercise of undue influence, the defendants hold certain moneys as trustees, for which they must account to the personal representative; that they also have the record title to certain real estate purchased with a portion of said trust moneys, the fee of which pursuant to statute is vested in the heir of the cestui que trust subject to his widow's dower; and that the plaintiffs need a discovery and an accounting to ascertain the precise sums of money so obtained by the defendants and the precise portions thereof invested in real estate. While it is true that different persons are interested in each species of property, it does not necessarily follow that they are not interested in the subject of the action and in obtaining the judgment demanded. See section 446 of the Code of Civil Procedure.

It is evident that the question to be litigated is whether said money and real property were obtained by the defendants by means of undue influence exerted over said John P. Mullin and pursuant to an agreement to hold it in trust. In this question the parties are all equally interested. The main object of the action is for a discovery and accounting. In this the plaintiffs are equally interested. The fact that their pecuniary interest may not be the same, or that some may not be interested in the incidental relief obtained by others, does not prevent all being interested in the subject of the action and in obtaining the judgment demanded. Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523. As incidental to the general purpose of the suit, if the plaintiffs are successful, the court may order the defendants to pay over to the personal representative of the deceased whatever sums of money are found upon the accounting to be in their hands, and it may likewise clear up the record title to the real property which it is claimed is vested in the heir subject to the widow's dower, but this relief is only incidental to the main purpose of the suit, and will be granted because equity will see to it that there is a complete determination in this suit of all of the matters of difference between the parties in any way involved in the controversy. If said Mullin were alive, he could certainly obtain a complete determination in one suit of all the matters alleged, and the language of Judge Gray, speaking for the court in Shepard v. Manhattan Railway Co., 117 N. Y. 442–450, 23 N. E. 30, is quite applicable to this case:

"If this intestate had been living, he could only have maintained one action, and neither the authorities nor principle suggest a reason why, upon his death, those upon whom his property interests have thereby devolved, and who, in their combined personalities, represent him, and who have a common interest in holding the defendants liable for their acts, should be obliged to bring separate suits."

I think the case of Bradley v. Bradley, 165 N. Y. 183, 58 N. E. 887, furnishes ample authority for joining the plaintiffs in this case. In addition to the authorities cited by Judge Landon in that case, I also cite Mahler v. Schmidt, 43 Hun, 512, as particularly applicable to this case.

If I am right in asserting that upon the facts alleged in the complaint the said Mullin could have elected to hold the defendants as trustees ex maleficio of the moneys used in the purchase of the real property or to claim the absolute title to said real property, there is good reason why the personal representative, the widow, and the heir should all be parties to the action, and I think that, treating the complaint with liberality, as I have, it is found to allege a state of facts showing that the plaintiffs are all interested in the central point likely to be in controversy and in the judgment asked for, and it follows, therefore, that the demurrer to the first cause of action was properly overruled.

By the second cause of action the pleader undoubtedly undertook to state a cause of action relating to the same real property referred to in the first cause of action. I quote the material allegation of this cause of action:

"That the said John P. Mullin, deceased, was on and before the 17th day of October, 1904, seised in fee simple and in lawful possession of certain real property hereinafter more particularly and specifically described, which the said deceased purchased and paid for from time to time during his lifetime, but, for the purpose of avoiding the payment of liabilities which might accrue against him in business or otherwise, and being of feeble mind and under the influence of the defendants above named, was induced by said defendants to take the deeds for such real property in the name of the defendant Bridget Mullin."

The part quoted falls short of alleging undue influence, and the allegation that the transaction was for the purpose of avoiding the payment of liabilities presents an insuperable objection to the sufficiency of this part of the complaint as stating facts sufficient to constitute a cause of action in favor of any one.

The interlocutory judgment should be modified to the extent of sustaining the demurrer to the second cause of action, and, as modified, affirmed, without costs. All concur.