SECURITY TRUST COMPANY OF ROCHESTER, as Trustee under an Agreement Made with GLENN H. EWELL, Plaintiff, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.

SECURITY TRUST COMPANY OF ROCHESTER, as Trustee under an Agreement Made with GLENN H. EWELL, Plaintiff, *v.* SECURITY MUTUAL LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Monroe County, May 9, 1947.

*Whitbeck & Holloran* for plaintiff.

*John Van Voorhis' Sons* for John Hancock Mutual Life Insurance Company, defendant.

*Strang, Bodine, Wright & Combs* for Security Mutual Life Insurance Company, defendant.

GILBERT, J. The above-entitled actions were originally brought to collect the proceeds of life insurance policies issued on the life of the deceased, Glenn H. Ewell. The actions were brought by plaintiff as trustee under a trust agreement with

the deceased by the terms of which the policies of insurance were made payable to said trustee to collect the proceeds thereof upon the death of the insured, and to hold the same in trust, paying the income therefrom to said Leonora S. Ewell during her lifetime, and distributing the corpus thereof after her death to her children, William and Cynthia Ewell, with certain remainders over in the event of their prior demise.

Plaintiff's right to payment was contested in both actions on the ground that the deceased met his death through suicide and that therefore, the defendants are required to pay only the amount of insurance premiums paid on the policies.

A lengthy trial of the above issues was had, which resulted in a disagreement of the jury. Shortly thereafter, plaintiff trustee moved for leave to discontinue said actions without prejudice and this court denied that motion, from which denial plaintiff has appealed.

Motion has now been made in the two above-entitled actions by the aforesaid Leonora S. Ewell for an order permitting her to intervene in the actions as a party plaintiff; for an order discontinuing the above-entitled actions without prejudice to the rights of said Leonora S. Ewell; for a further order appointing said Leonora S. Ewell as guardian ad litem for William Ewell and Cynthia Ewell, infants; for an order allowing said infants to intervene as parties plaintiff by their guardian ad litem; and for a further order discontinuing the above-entitled actions without prejudice to the rights of said infant plaintiffs.

The moving parties contend that they are entitled to intervene under the provisions of section 210 of the Civil Practice Act, providing as follows: " Every action must be prosecuted in the name of the real party in interest, except that * * * a trustee of an express trust * * * may sue without joining with him the person for whose benefit the action is prosecuted.''

Plaintiff trustee has prosecuted this action. It has gone further, in that it has sought an order of discontinuance, the very relief which moving parties here seek.` True, its motion for discontinuance was denied, but at the outset it cannot be claimed that plaintiff trustee is not a willing party plaintiff, or reluctant to perform its duties.

" It has never been held that in an action by the trustee to reduce such property to possession * * * it is necessary to make the beneficiaries parties. In such an action they repre-

sent the whole title and interest, and their action, in the absence of fraud or collusion, is binding upon the beneficiaries." (*Matter of Straut,* 126 N. Y. 201, 211.)

" If the person in whom the cause of action is vested consents to sue, then the person for whose benefit the suit is to be brought has no cause of action, but it must be commenced and continued by the person in whom the cause of action vests." (*Havana City Railway Co.* v. *Ceballos,* 49 App. Div. 263, 269.)

If the person in whom the cause of action is vested refuses to prosecute, " The cause of action there is to compel the person or corporation whose duty it is to bring the action to act so that a right of action in which the plaintiff has an ultimate interest can be enforced in favor of the person in whom it is vested." (*Havana City Railway Co.* v. *Ceballos, supra,* p. 269.)

" In order to join one as a party plaintiff it is not enough that he have an interest in the subject of the action but he must have the right to enforce an obligation or to recover property. This has been applied to cases where a person having an equitable interest in the subject-matter of the action sought to be joined as party plaintiff with the person having the legal title. Normally this is not allowed. Thus, the creditors and legatees or next of kin of a decedent in whose favor a cause of action existed, and the *cestuis que trustent* of a trust estate, are interested in the property of the decedent or the trust; but the right of action to enforce obligations or to recover property vests exclusively in the executor or administrator or trustee, and the joinder of those who would be ultimately entitled to share in the property, or its proceeds, which would be collected in an action to recover such property, would be improper as they are not interested in the subject of the action in a sense that justified their being made parties plaintiff thereto. Every person who has an equitable interest is not entitled to be joined as a plaintiff. On the contrary, if such person is represented by a plaintiff who holds the legal interest covering such equitable interest, then such equitable beneficiary is not entitled to be joined, and should not be joined, as a plaintiff. *Conley* v. *Walton,* 96 Supp. 400. It is only when the equitable interest would otherwise be unrepresented, that the possessor of such interest can be made a plaintiff. * * * This was the law prior to the enactment of § 209 of the Civil Practice Act, and there seems to be no reason to hold that it has been changed by that section. While the transaction is the same and similar

questions of law and fact would arise, ordinarily the persons having the equitable interest would not have the right to the relief sought necessary to enable them to be made plaintiffs ''. (1 Wait on New York Practice, [4th ed.], pp. 475–476.)

Here it appears that the petitioner and her infant children have an equitable interest in the outcome of the above actions. They do not have any right to the proceeds of the policy and a money judgment could not be awarded them; rather such a judgment could be awarded only to the plaintiff herein, who is seeking to recover the same.

The motion to intervene should be denied and the remaining motions thereby become academic.